Kevin D. Swenson (5803)
Brian D. Shelley (14084)
Swenson & Shelley PLLC
107 S. 1470 E. Suite 201
St. George, Utah 84790
Phone: (435) 265-3500
Facsimile: (855) 450-8435
Email: Kevin@SwensonShelley.com
Email: Brian@SwensonShelley.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT OF THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH OLESKY,<br><br>        Plaintiff,<br><br>vs.<br><br>JAIMIE MCFADDEN, an individual, G&D TRUCKING, an Ohio Company, and DOES 1 to 50,<br><br>        Defendants. | **COMPLAINT**<br>**(JURY DEMANDED)**<br><br>Civil No. 4:22-CV-00030-DN<br><br>Judge David Nuffer |

Plaintiff, Joseph Olesky. by and through his counsel of record, Kevin D. Swenson and Brian D. Shelley, of Swenson & Shelley PLLC, hereby allege and complain of the named Defendants as follows:

### JURISDICTION AND VENUE

1. Plaintiff Joseph Olesky is a resident of Washington County, Utah.

2. Defendant Jaimie McFadden (hereafter "Defendant McFadden"), upon information and belief, is a resident of Byesville, Guernsey County, State of Ohio and is an authorized driver of the 18-wheeler semi-truck owned by Defendant G&D Trucking.

3. Defendant G&D Trucking (hereafter "Defendant G&D"), upon information and belief, is a company in Ohio doing business interstate with its principal place of business located at 12683 Ideal Road, Byesville, Ohio.

4. Defendants John Does and Jane Does 1-50 are other persons or entities that may

be responsible for the Plaintiffs' injuries and damages and whose names and identities are unknown at this time. The actual names and identities of these persons or entities will be substituted when known.

5. The instant action arises from an automobile collision, which occurred on Interstate 15 at Mile Post 37 near New Harmony, Utah.

6. This case involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

7. Venue is proper before the U.S. District Court, State of Utah pursuant to 28 U.S.C. §1391(b)(c) and (d).

8. Diversity jurisdiction may properly be exercised by the U.S. District Court, in and for the District of Utah, over all of the parties pursuant to 28 U.S.C. §1332(a)(1).

## ALLEGATIONS COMMON TO ALL CLAIMS GENERAL

9. Plaintiffs hereby incorporate all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

10. On March 07, 2019, Plaintiff was the driver of his 2005 Ford Mustang and was travelling northbound in the far left lane on Interstate 15 at Mile Marker 27 near New Harmony, Utah, directly behind Plaintiff McFadden.

11. Defendant McFadden was travelling was traveling northbound in the far left lane on Interstate 15 at Mile Marker 27 near New Harmony, Utah and was travelling in front of Plaintiff Olesky.

12. Defendant McFadden was operating an 18-wheel semi-truck owned by Defendant G&D.

13. Defendant used his right signal to move his truck to the center lane, and moved his vehicle into the middle lane.

14. After Defendant McFadden moved his 18-wheeler semi-truck to the middle lane, Plaintiff proceeded to attempt to pass Defendant McFadden's vehicle.

15. As Plaintiff was passing Defendant McFadden, Defendant McFadden made a sudden lane change back into the left lane that was occupied by Plaintiff.

16. Defendant McFadden's 18-wheeler semi-truck hit Plaintiff's vehicle causing Plaintiff to hit the center median.

17. Plaintiff's vehicle spun to the right which caused Plaintiff to hit a second 18-wheel semi-truck.

18. After hitting the second 18-wheeler semi-truck, Plaintiffs vehicle continued to rotate so Plaintiff was facing backwards, and ultimately, Plaintiff's vehicle came to a rest on the left shoulder.

19. On that section of Interstate 15, vehicles over 12,000 Gross Vehicle Weight are prohibited from travelling in the left lane.

20. On that section of Interstate 15, vehicles pulling trailers are prohibited from travelling in the left lane.

21. Defendant McFadden's locked his brakes causing his 18-wheel semi-truck to "jackknife" coming to rest on the left shoulder of the Interstate.

22. Defendant McFadden was cited for violation of Utah Code 41-6A-702(2) (Operating restricted Vehicles in Left Lane of Freeway).

23. As a direct and proximate result of the forces of the collision of Defendant McFadden into the Plaintiffs, Plaintiff suffered extensive personal injuries, which have required medical treatment.

24. As a further and proximate result of Defendant McFadden's negligence, Plaintiffs have sustained medical bills.

25. As a further direct and proximate result of Defendants McFadden's negligence, Plaintiff has suffered general and special damages, which shall be shown upon proof at trial and/or upon entry of judgment.

## FIRST CAUSE OF ACTION

(Negligence as Against Defendant McFadden)

26. Plaintiff hereby incorporates all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

27. Defendant McFadden owed a duty of care to act as reasonable prudent person and take precautions against creating an unreasonable risk of injury while operating his motor vehicle.

28. Defendant McFadden owed a duty of care to maintain a proper look out while driving upon the roads and highways.

29. Defendant McFadden owed a duty of care to yield to vehicles with the right-of-way and yield to those who possess travel lanes prior to attempting to change lanes.

30. Defendant McFadden owed a duty of care to obey the traffic signs/regulations prohibiting Defendant McFadden from travelling in the left lane.

31. Defendant McFadden breached these duties when he traveled in the left-hand lane (which was expressly forbidden), failed to keep a proper lookout and verify the lane to which he was changing to was clear of motorists, failed to allow for proper time to occur prior to attempting his lane change, failed to yield right-of-way to Plaintiff, failed to control his vehicle and collided with the Plaintiff's vehicle causing serious and permanent bodily injury to Plaintiff.

32. Defendants McFadden's negligent operation of his vehicle is the actual and proximate causes of Plaintiff's injuries and damages.

33. Defendants DOES 1 through 50, inclusive, were acting in concert with each other

by assisting, facilitating, encouraging and otherwise condoning Defendant McFadden's negligent, careless, and reckless driving and as such are equally liable for Defendants McFadden's behavior.

34. Plaintiff has been damaged by the negligence of Defendant McFadden in an amount to be determined at trial, and Defendant McFadden should be held liable for Plaintiff's damages, both special and general, including loss of wages and permanent impairment.

35. Plaintiff should be entitled to pre-judgment interest on his general and special damages from date of injury until entry of judgment.

## SECOND CAUSE OF ACTION

(Negligent Entrustment as Against Defendant G&D Trucking)

36. Plaintiffs hereby incorporate all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

37. Defendant G&D Trucking owns the 18-wheeler semi-truck Defendant McFadden was driving at the time of the crash.

38. Defendant G&D Trucking employed and/or gave permission to Defendant McFadden to drive said 18-wheeler semi-truck.

39. At the time Defendant G&D Trucking employed and/or gave permission to Defendant McFadden to drive the 18-wheeler semi-truck, it knew or should have known that Defendant McFadden was a careless, incompetent or inexperienced driver.

40. Defendant McFadden was reckless, careless, and negligent while driving the 18-wheeler semi-truck.

41. Defendant McFadden's negligence caused the crash.

42. Defendant G&D Trucking's negligent entrustment of allowing Defendant McFadden to operate the 18-wheeler semi-truck is the actual and proximate causes of Plaintiff's

injuries and damages.

43. Plaintiff alleges that Defendant G&D Trucking was negligent in allowing Defendant McFadden to drive the 18-wheeler semi-truck, and therefore Defendant G&D Trucking is responsible for the harm to Plaintiff.

### THIRD CAUSE OF ACTION

(Negligent Hiring as Against Defendant G&D Trucking)

44. Plaintiff hereby incorporates all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

45. Defendant G&D Trucking hired Defendant McFadden who was driving at the time of the crash.

46. Defendant G&D Trucking employed and/or gave permission to Defendant McFadden to drive said 18-wheeler semi-truck.

47. At the time Defendant G&D Trucking employed and/or gave permission to Defendant McFadden to drive the 18-wheeler semi-truck, it knew or should have known that Defendant McFadden was a careless, incompetent or inexperienced driver.

48. Defendant McFadden was reckless, careless, and negligent while driving the 18-wheeler semi-truck.

49. Defendant McFadden's negligence caused the crash.

50. Defendant G&D Trucking's negligent hiring of Defendant McFadden and allowing Defendant McFadden to operate the 18-wheeler semi-truck is the actual and proximate causes of Plaintiff's injuries and damages.

51. Plaintiff alleges that Defendant G&D Trucking was negligent in hiring Defendant McFadden to drive the 18-wheeler semi-truck, and therefore Defendant G&D Trucking is responsible for the harm to Plaintiff.

## FOURTH CAUSE OF ACTION

(Negligent Supervision as Against Defendant G&D Trucking)

52. Plaintiff hereby incorporates all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

53. Defendant G&D Trucking owns the 18-wheeler semi-truck Defendant McFadden was driving at the time of the crash.

54. Defendant G&D Trucking was responsible to supervise Defendant McFadden while Defendant McFadden was operating said 18-wheeler semi-truck.

55. At the time of the crash, Defendant G&D Trucking failed to supervise Defendant McFadden's operation of the 18-wheeler semi-truck, but instead allowed Defendant McFadden to drive carelessly and incompetently.

56. Defendant McFadden was reckless, careless, and negligent while driving the 18-wheeler semi-truck.

57. Defendant McFadden's negligence caused the crash.

58. Defendant G&D Trucking's negligent supervision of its employee, Defendant McFadden, and allowing Defendant McFadden to operate the 18-wheeler semi-truck unsupervised is the actual and proximate causes of Plaintiffs' injuries and damages.

59. Plaintiffs allege that Defendant G&D Trucking was negligent in supervising Defendant McFadden to drive the 18-wheeler semi-truck, and therefore Defendant G&D Trucking is responsible for the harm to Plaintiffs.

## FIFTH CAUSE OF ACTION

(Negligent Training as Against Defendant G&D Trucking)

60. Plaintiffs hereby incorporate all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

61.     Defendant G&D Trucking owns the 18-wheeler semi-truck Defendant McFadden was driving at the time of the crash.

62.     Defendant G&D Trucking trained Defendant McFadden to drive said 18-wheeler semi-truck.

63.     Defendant G&D Trucking failed to adequately train Defendant McFadden to drive said 18-wheel semi-truck.

64.     Defendant McFadden was reckless, careless, and negligent while driving the 18-wheeler semi-truck.

65.     Defendant McFadden's negligence caused the crash.

66.     Defendant G&D Trucking's negligent training of its employee, Defendant McFadden, and allowing Defendant McFadden to operate the 18-wheeler semi-truck is the actual and proximate causes of Plaintiffs' injuries and damages.

67.     Plaintiff alleges that Defendant G&D Trucking was negligent in training Defendant McFadden to drive the 18-wheeler semi-truck, and therefore Defendant G&D Trucking is responsible for the harm to Plaintiffs.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.      For past, present, and future special damages including medical expenses, lost wages, consequential damages, and other out-of-pocket expenses, not less than $1,000,000;

  b.  For past, present, and future general damages, including physical pain and suffering, emotional pain and suffering, permanent impairment, and loss of enjoyment of life, in excess of $1,000,000;

  c.  For attorneys' fees and costs; and

  d.  For pre-judgment and post-judgment interest, costs of Court, and such other relief as the Court deems just and equitable.

  DATED this 11th day of May 2022.

                */s/ Brian D. Shelley*
                BRIAN D. SHELLEY